## Indigent School Children

WOODWARD, Deputy Attorney General, December 13, 1948.—The Department of Justice is in receipt of your request for an opinion concerning the responsibility of the State Council for the Blind for remedial eye care of the medically indigent school children of the Commonwealth.

In order to carry out the provisions of the Act of July 7, 1947, P. L. 1440, with particular reference to subdivision (i), you request advice as follows:

1. Is the Pennsylvania State Council for the Blind totally responsible for the remedial eye care of the medically indigent school children of the Commonwealth of Pennsylvania?

2. Was it the intent of the 1947 Pennsylvania General Assembly that remedial eye care for the medically indigent school children of Pennsylvania be excluded from the provisions of the Act of July 5, 1947, P. L. 1301?

The Act of July 7, 1947, P. L. 1440, supra, further amends section 2320 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §610, relating to the State Council for the Blind, subdivision (*i*) of which is as follows:

"To furnish or make available medical treatment, surgical operations, eye glasses and other necessary aids or services, including transportation, *to needy blind persons or persons with impaired vision for the purpose of improving, conserving or restoring their vision.* These services and aids shall not be furnished unless they are otherwise unavailable, and in no case shall the total costs thereof exceed *two hundred fifty dollars ($250) per person;*" (Italics supplied).

It will be observed that the Act of July 7, 1947, P. L. 1440, supra, amends section 2320 (*i*) of said Administrative Code of 1929, supra, by adding the word, "conserving," to the purposes enumerated in that subdivision, and by increasing the total cost of the services to be furnished from $100 to $250 per person.

The Act of July 5, 1947, P. L. 1301, supra, amends the School Code of May 18, 1911, P. L. 309, as amended, sections 1501-1516 of which, as amended, 24 PS §1501 et seq., provide for the medical and dental examinations, and the medical, dental and surgical treatment of all children of school age of the Commonwealth.

Your request for advice raises the immediate question whether the provisions of the Act of July 7, 1947, P. L. 1440, supra, relating to the medical treatment, surgical operations, eye glasses and other necessary aids of services to be made available to needy blind persons or persons with impaired vision contemplate

total responsibility for the remedial eye care of all the medically indigent school children of the Commonwealth, under the provisions of the Act of July 5, 1947, P. L. 1301, supra, and related laws.

The health of school children is fully safeguarded by the provisions of the School Health Act of June 1, 1945, P. L. 1222, 24 PS §1525.1 et seq., and the School Code of May 18, 1911, P. L. 309, as amended, 24 PS §1501 et seq., and as amended by the Act of July 5, 1947, P. L. 1301, supra, 24 PS §1216.2a et seq.

Section 1501.1 of the School Code, supra, as amended by the Act of June 1, 1945, P. L. 1226, 24 PS §1501.1, provides that medical inspectors of school districts shall make sight and hearing tests of school children, outlines the methods therefor, and provides that the Superintendent of Public Instruction shall appoint a specialist for sight and hearing in his department, who shall assist medical inspectors in the several school districts in making sight and hearing tests of pupils of the public schools.

Section 1505 of the School Code, supra, as amended, repealed by section 6 of the Act of July 5, 1947, P. L. 1301, supra, 24 PS §1505, formerly required the medical inspectors carefully to test and examine all pupils in the public schools, giving special attention to defective sight, hearing, teeth, or other disabilities and defects.

Section 1503 of the School Code, supra, as amended, 24 PS §1503, relating to School Districts of the fourth class, provides for medical examination for all the pupils in the public schools by medical examiners, to be appointed by the Secretary of Health, at the expense of said department.

Section 1501 of the School Code, supra, as last amended by the Act of July 5, 1947, P. L. 1301, supra, 24 PS §1501, relating to the school districts of the first, second or third class, provides for medical and

dental examinations in accordance with the provisions of the School Health Act, supra, and the rules and regulations promulgated thereunder, as prescribed by the Secretary of Health; and further provides that where additional examination of the eyes is recommended by the medical examiners, and desired by the school boards, such additional examination may be made by ophthalmologists or optometrists.

Section 1515.1 of the School Code, supra, added by the Act of July 5, 1947, P. L. 1301, supra, 24 PS §1512.2a, provides that if the record of the medical or dental examination of any child, examined under the School Health Act, supra, discloses a condition which requires medical, dental or surgical treatment, the costs of such care will be provided by the Department of Public Assistance in the manner therein set forth, and is, in part, as follows:

"*If the record of the medical or dental examination of any child, examined under the School Health Act, discloses a condition which requires medical, dental or surgical treatment* and the parent or guardian states to the school authorities that he is financially unable to have a physician or dentist of his choice render such care, he shall be advised that *the cost of such care will be provided if application is made to the appropriate county board of public assistance, which shall authorize payment* for necessary medical, dental or surgical care as assistance, as defined in the standards, rules and regulations to be established by the Secretary of Public Assistance, in consultation with the Secretary of Health and the Superintendent of Public Instruction, and with the approval of the State Board of Public Assistance: . . ." (Italics supplied.)

The act further authorizes the Department of Public Assistance to recover the amounts expended for such medical, dental or surgical care from the parent or

guardian liable for the support of such school child, as provided in the support law.

It will be observed that the basis of the foregoing section of the School Code, as supplemented by the School Health Act, supra, as appears by the title, 24 PS §1525.1, is that said act provides for the complete medical and dental examination "of all children of school age", of the Commonwealth.

In Medical Care of Poor Children, 61 D. & C. 695, addressed to the Secretary of Public Assistance, it was stated, inter alia, as follows:

". . . with respect to those children who are dependents of a county institution district under the County Institution District Law of June 24, 1937, P. L. 2017, as amended, 62 PS §2201 et seq., and whose records of medical or dental examination under the School Health Act of June 1, 1945, P. L. 1222, 24 PS §1525.1 et seq., disclose conditions requiring medical, dental or surgical treatment, the cost of the same is payable by the Commonwealth, from the appropriation made to the Department of Public Assistance, upon authorization of the appropriate county board of public assistance in accordance with the standards, rules and regulations made under, and the provisions of Section 5 of the Act of July 5, 1947, . . ."

An examination of the aforesaid opinion fails to disclose that remedial eye care for medically indigent school children is excluded from the provisions of the School Health Act, supra, and related laws.

The school health program which provides medical and dental examinations for school children is not inconsistent, nor to be confused, with the functions of the State Council for the Blind.

Under section 2320 of The Administrative Code of 1929, supra, as amended by section 1 of the Act of July 7, 1947, P. L. 1440, supra, 71 PS §610, the State

Council for the Blind has the power and duty, inter alia, as follows:

"(a) To formulate a general policy and program *for the prevention of blindness, and for the improvement of the condition of the blind* in this Commonwealth. . . .

. . . . . . . . .

"(c) . . . to prevent the loss of sight, *in alleviating the conditions of blind persons, and persons of impaired vision,* in extending and improving the education, advisement, training, placement, and conservation of the blind, and in promoting their personal, economic, social and civic well-being;

"(d) . . . to procure an enactment of legislation regarding *the prevention of blindness, the improvement of the blind,* or the regulation of private agencies for the care of the blind;

"(e) To collect, . . . information in regard to *blind persons and persons of impaired vision* in this Commonwealth, including their present physical and mental condition, the causes of blindness, and the possibilities of improvement of vision, their financial status and earning capacity, their capacity for education and vocational training, and any other relevant information looking toward the improvement of their condition;

"(f) To refer cases of *blind persons,* or problems in relation to the blind, or prevention of blindness, to such agencies, . . .

. . . . . . . . .

"(i) To furnish or make available medical treatment, surgical operations, eye glasses and other necessary aids or services, including transportation, to *needy blind persons or persons with impaired vision* for the purpose of improving, conserving or restoring their vision. *These services and aids shall not be furnished unless they are otherwise unavailable,* and in

no case shall the total cost thereof exceed two hundred fifty ($250) per person;" (Italics supplied).

From the foregoing, it is obvious that the intent and purpose of the act was the prevention of blindness and the restoration of vision.

There is nothing in the quoted language which imposes upon the State Council for the Blind the responsibility for remedial eye care of all the medically indigent school children of the Commonwealth; nor the power and duty of providing eye examinations for school children, as required by the School Health Act and related laws. Had the legislature intended such result, it could have manifested its intent in clear and unmistakable language.

We are informed that the majority of school children who require eye examinations and services have impaired vision by reason of simple refractive errors. Under the provisions of section 2320($i$) of The Administrative Code of 1929, supra, services are to be furnished only to needy blind persons or persons with impaired vision; however, persons who have simple refractive errors, but who, on the basis of visual acuity with best correction, have normal vision, cannot be classified as visually handicapped persons, or persons with impaired vision. The need for such services, indicated in said section, and the responsibility therefor, are not embraced within the foregoing provisions of the law governing the State Council for the Blind.

For the same reasons, the services enumerated in section 2320($i$), supra, of The Administrative Code of 1929, which are furnished to needy blind persons or persons with impaired vision are not available to school children required to be examined under the School Health Act, and there is no authority, under said section, for the extension of services to the average seeing medically indigent school child.

It may be conceded that if a person possesses no congenital anomalies of the eye, no muscle imbalance involvements, no injury to the eye, or no pathological change in the eye, and simple refractive correction will give this person normal vision, such person does not possess impaired vision; and that most of the school children having ocular defects could not be considered children with impaired vision; therefore, only a minute number of the group might be considered for services by the State Council for the Blind, and even this number could not be considered at all, since the services are otherwise available through the Department of Public Assistance, under the provisions of the Act of July 5, 1947, P. L. 1301, supra.

It is significant that the services provided in subdivision (1) for the purpose of improving the economic conditions of the industrially blind, are to be made available to residents of the Commonwealth who have reached their sixteenth birthday, and who have a 30 percent or greater loss in visual functioning, and who are suffering from a static permanent employment handicap by reason of this loss of visual functioning. This language, obviously, was not intended to include school children.

Section 2320 (i) of The Administrative Code of 1929, supra, as amended by the Act of July 7, 1947, P. L. 1440, supra, provides that the total cost of the aids and services to be furnished to needy blind persons or persons with impaired vision shall not exceed $250 per person. While it may be conceded that this amount would not be sufficient in all cases, nevertheless, it must be apparent that the legislature did not intend that this amount should be spent upon that portion of over 1,500,000 school children in the Commonwealth who were medically indigent, and in need of eye care.

Were it possible to construe section 2320 of The Administrative Code of 1929, supra, as originally en-

acted, to include medically indigent school children, any such intent of the legislature must have been superseded by the acts hereinbefore cited, in which repeated references are made to all children of school age of the Commonwealth.

It is significant to note that section 2320(*i*) of The Administrative Code of 1929, supra, provides that the enumerated aids and services shall not be furnished by the State Council for the Blind, "unless they are otherwise unavailable". It is obvious that such services are available through the Department of Public Assistance.

Similarly, under section 2320(*k*) (the Act of July 7, 1947, P. L. 1440, supra), the State Council for the Blind is not required to supply, where otherwise available, home instruction and training for educable blind persons.

The boards of school directors are authorized to establish, equip, furnish and maintain schools for blind for the education of persons between the ages of 6 and 21 years, by section 401 of the School Code, as amended, supra, 24 PS §331.

In addition, section 2320(*l*) makes the services enumerated available to residents of the Commonwealth who have reached their sixteenth birthday.

The foregoing legislation indicates the intention of the legislature to relieve the State Council for the Blind from the responsibility for services to children of school ages, since the services mentioned are otherwise available.

While section 2320(*i*), supra, also requires the State Council for the Blind to furnish eye glasses, if otherwise unavailable, the State council is not obliged to furnish glasses to school children, because they are otherwise available.

We have been furnished with a copy of the "School Medical Assistance Program, developed in accord with

the provisions of Act No. 522 (the Act of July 5, 1947, P. L. 1301, supra) of the General Assembly of 1947 by the Secretary of Public Assistance in consultation with the Superintendent of Public Instruction and the Secretary of Health and with the approval of the State Board of Public Assistance" (Parentheses ours).

The Act of July 5, 1947, P. L. 1301, supra, fixes upon the Department of Public Assistance the responsibility for medical, dental and surgical treatment and necessary medical, dental and surgical care. This responsibility is recognized on page 3, sec. 3760 of the School Medical Assistance Program, supra, wherein it is stated that the Act of July 5, 1947, P. L. 1301, supra, provides such treatment for school children who are referred to school authorities for the correction of defects discovered in school health examinations.

Under this authority, the Department of Public Assistance, in addition to furnishing extractions, fillings, X-rays, dental surgery and repairs of dentures, also furnishes dentures at prices set forth on page 18 of the School Medical Assistance Program, supra.

Since the Department of Public Assistance is obligated to furnish dentures for the correction of defects discovered in school health examinations, the same rules and regulations apply to the furnishing of eye glasses. This responsibility is fully recognized by the statement contained on page 4, sec. 3761, paragraph 3, of the School Medical Assistance Program, supra, as follows:

"For school children, who are receiving assistance, treatment which is outside the scope of the Department's regular Medical Assistance program, will be charged against the earmarked $500,000." (Appropriated by the Act of July 5, 1947, P. L. 1301, supra.)

The foregoing rules and regulations of the Department of Public Assistance are based upon the statutory

authority conferred by the "Public Assistance Law", supra, sec. 2, of which, as amended, 62 PS §2502, provides, inter alia, as follows:

" 'Assistance' means assistance in money, goods, shelter, medical care, work relief or services . . . for indigent persons who reside in Pennsylvania and need assistance to enable them to maintain for themselves and their dependents a decent and healthful standard of living, . . . The word, assistance, shall be construed to include pensions for those blind persons who are entitled to pensions, . . ."

It cannot be too strongly emphasized that the services which the State Council for the Blind is obligated to furnish, in addition to the imposed condition that they must be otherwise unavailable, are required to be furnished only to needy blind persons or persons with impaired vision.

As has been herein stated, this language excludes average seeing medically indigent school children, who have simple refractive errors, but who, on the basis of visual acuity with best correction, may be restored to normal vision.

That there is no manifest obligation upon the State Council for the Blind for the remedial eye care of medically indigent school children is indicated by section 1511 of the School Code, as amended, supra, 24 PS §1511, which provides:

"Any school district may provide for the care and treatment of defective eyes, ears, and teeth of all pupils of its public schools."

The Public Assistance Law of June 24, 1937, P. L. 2051, as amended by the Acts of July 24, 1941, P. L. 473, and May 21, 1943, P. L. 434, 62 PS §2504, relating to the powers and duties of the Department of Public Assistance, provides in section 4 thereof, inter alia, as follows:

"General Powers and Duties of Department of Public Assistance.—The Department of Public Assistance shall have the power, and its duties shall be:

. . . . . . . . .

"(k) To take measures not inconsistent with the purposes of this act and, with the approval of the State Board of Public Assistance, when other funds or facilities for such purposes are inadequate or unavailable, to provide for special needs of individuals eligible for assistance, to relieve suffering and distress arising from handicaps and infirmities, to promote their rehabilitation, to help them if possible to become self dependent and to coöperate to the fullest extent with other public agencies empowered by law to provide vocational training, rehabilitative or similar services."

It is evident that the intent of the legislature is that the responsibility for furnishing the necessary services to these persons must rest with the Department of Public Assistance, if that department is to effect the fullest coöperation with other public agencies empowered by law to provide vocational training, rehabilitative and similar services, under the provisions of section 4 of the Act of June 24, 1937, P. L. 2051, supra, as amended.

Were it the intent of the legislature to make the State Council for the Blind responsible for correction of ocular defects of all medically indigent school children, it has signally failed to manifest such intention. Without such authority, it would be useless for the State Council for the Blind to seek the necessary funds from the legislature. Since the legislature has indicated its intention to furnish such funds to the Department of Public Assistance, it is obvious that the interests of such children will be best conserved by allowing the Department of Public Assistance to re-

main entirely responsible for the care of ocular defects of all medically indigent school children under the provisions of the Act of July 5, 1947, P. L. 1301, supra.

We are of the opinion, therefore, and you are accordingly advised that:

1. The State Council for the Blind is not responsible for the remedial eye care of the medically indigent school children of the Commonwealth of Pennsylvania, under the Act of July 7, 1947, P. L. 1440, which further amends section 2320 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §610, relating to the powers and duties of the State Council for the Blind.

2. It was not the intent of the 1947 session of the General Assembly that remedial eye care for the medically indigent school children of the Commonwealth should be excluded from the scope of the meaning of the provisions of the Act of July 5, 1947, P. L. 1301, which amends the School Code of May 18, 1911, P. L. 309, as amended, sections 1501-1516 of which, as amended, 25 PS §1501 et seq., provide for the medical and dental examinations, and the medical, dental or surgical treatment and care, as assistance, of all the pupils of the public schools of the Commonwealth.

3. The Department of Public Assistance is responsible, under the foregoing acts, for the medical and dental examinations, and the medical, dental and, surgical treatment and care, as assistance, of the medically indigent and all other school children of the Commonwealth, and the State Council for the Blind is not responsible therefor, unless such school children are needy blind persons or persons with impaired vision, and unless such medical treatment, surgical operations, eye glasses and other necessary aids or services, including transportation, are otherwise unavailable.